UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY RAHAMAN,

      Plaintiff,                          Case No. 24-cv-12885

v.                                    HON. MARK A. GOLDSMITH

MICHELLE BOEDEKER et al.,

      Defendants.
_____/

**ORDER (1) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND (2) DENYING PLAINTIFF'S EX PARTE MOTIONS FOR LEAVE TO FILE EXCESS PAGES AS MOOT (Dkts. 15, 26)**

      This matter is before the Court on its review of pro se Plaintiff Joy Rahaman's complaint (Dkt. 1). The Court notes that this case is just the latest in a series of related cases filed by Rahaman that allege claims of fraud or forgery stemming from Rahaman's 2016 car accident, and the second against Boedeker Law, P.C.  See 4/25/24 Report & Recommendation at 32, Rahaman v. Boedeker Law, P.C., Case No. 24-cv-10825 (Dkt. 32) (summarizing Rahaman's repetitive case filings and recommending that Rahaman be enjoined from filing more cases related to her 2016 accident). Because Rahaman's complaint fails to supply allegations from which the Court can conclude that it has subject-matter jurisdiction over this action, Rahaman's complaint is dismissed without prejudice.

      Considering whether jurisdiction to hear a case exists is the "first and fundamental question presented by every case brought to the federal courts." Caudill v. N. Am. Media Corp., 200 F.3d 914, 916 (6th Cir. 2000).  Federal courts are courts of limited jurisdiction, possessing only that

jurisdictional authority conferred by the Constitution or by statute.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

Rahaman asserts that the bases for subject-matter jurisdiction are federal-question jurisdiction and diversity jurisdiction. Compl. at 3.  Neither basis is supported by the allegations in Rahaman's complaint.  As to federal-question jurisdiction, such jurisdiction exists for all civil actions "arising under" the Constitution or laws of the United States. 28 U.S.C. § 1331. A claim arises under federal law for purposes of 28 U.S.C. § 1331 when (i) the cause of action is created by a federal statute or (ii) the cause of action presents a substantial question of federal law.  Miller v. Bruenger, 949 F.3d 986, 990 (6th Cir. 2020).

Rahaman lists various federal statutes and constitutional provisions at issue, which include 18 U.S.C § 1001, 42 U.S.C § 1981, 42 U.S.C § 47, and 42 U.S.C § 1983.  However, Rahaman does not set forth facts in support of federal-question jurisdiction.  Although her allegations are difficult to follow, Rahaman's complaint appears to assert claims of fraud and forgery related to legal proceedings in Wanye County Circuit Court stemming from a dispute regarding Rahaman's 2016 car accident.  See Compl. at PageID.11–15.  The Court is unable to determine from these allegations whether the complaint arises under federal law for purposes of jurisdiction under 28 U.S.C. § 1331.

As to diversity jurisdiction, under the diversity statute, 28 U.S.C. § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010).  Rahaman's complaint alleges that Rahaman and Defendants Michelle Boedeker and Boedeker Law, P.C. are citizens of the State of Michigan.  Compl. at PageID.4.  Because the complaint asserts that all parties are citizens of the

same state, the Court does not have subject-matter jurisdiction over this action based on diversity of citizenship.

The Court dismisses Rahaman's complaint without prejudice for lack of subject-matter jurisdiction.  The Court denies Rahaman's motions for leave to file excess pages (Dkts. 15, 26) as moot.

SO ORDERED.

Dated: December 19, 2024                          s/Mark A. Goldsmith
      Detroit, Michigan                          MARK A. GOLDSMITH
                                                 United States District Judge